**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY GONZALES,

      Petitioner-Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; CARLA
STOVALL, Attorney General, Kansas

      Respondents-Appellees.

No. 00-3003

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 97-CV-3168-DES)

**ON REHEARING EN BANC**

Jean K. Gilles Phillips, The Paul E. Wilson Defender Project, University of
Kansas School of Law, Lawrence, Kansas, for Petitioner - Appellant.

Jared S. Maag, Assistant Attorney General, Office of the Kansas Attorney
General, Topeka, Kansas, for Respondents - Appellees.

Before **TACHA**, Chief Judge, **SEYMOUR**, **EBEL**, **KELLY**, **HENRY**,
**BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges

**EBEL**, Circuit Judge.

This court granted rehearing en banc primarily to consider whether the panel correctly applied deference under the Antiterrorism and Effective Death Penalty Act (AEDPA) to the cumulation of Strickland[1] prejudice and Brady[2] materiality where the state courts had not adjudicated the Strickland-Brady cumulation issue on the merits. See Gonzales v. McKune, 247 F.4d 1066, 1077-79 (10th Cir. 2001). At en banc oral argument, the State asserted for the first time that Gonzales had failed to exhaust the Strickland-Brady cumulation issue in state court. Because we agree that Gonzales failed to raise this issue in state court and thus procedurally defaulted it, we vacate our order granting rehearing en banc as improvidently granted. Further, we vacate Part V of the panel opinion, which addressed Strickland-Brady cumulation.

**Discussion**

We begin by noting that the State did not waive the defense of exhaustion as to the Strickland-Brady cumulation claim by failing to assert it prior to en banc oral argument.[3]  See 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to

---

[1]  See Strickland v. Washington, 466 U.S. 668, 694 (1984).

[2]  See Brady v. Maryland, 373 U.S. 83, 87 (1963).

[3]  We emphasize that this is not a case where a state chose to remain silent on the exhaustion issue until after an opinion had been issued and then asserted the non-exhaustion defense as to those portions of the opinion with which it was

(continued...)

have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). Cf. Hale v. Gibson, 227 F.3d 1298, 1327 n.12 (10th Cir. 2000) (holding that state did not waive exhaustion on appeal by failing to assert the issue before district court).

In his petition for discretionary review filed with the Kansas Supreme Court during post-conviction proceedings, Gonzales did not assert a Strickland-Brady cumulation argument.[4]   Brief of Appellant, Petition for Review at 1-4, State v. Gonzales, (Kan. 1995) (No. 94-71217-A).[5]   Claims not included in a

_____

[3](...continued)
not satisfied.  As explained more fully in the last paragraph of this section, the State acted properly in this case by addressing the exhaustion issue in its answer to the habeas petition before the district court.  The present confusion regarding exhaustion of the Strickland-Brady cumulation issue arose largely because Gonzales failed to raise that issue until after the State already had addressed exhaustion.

[4]  Gonzales' petition for discretionary review to the Kansas Supreme Court was not included in the record by either party until, after en banc oral argument, this court specifically instructed the parties to submit it as a supplement to the record.

[5]  Indeed, in his petition before the Kansas Supreme Court, Gonzales did not assert any of the arguments later raised in his present habeas petition:  the sole "issue" raised in the state supreme court petition for review was a "request[]" that the court "review his motion on a de facto [sic] basis" because "[w]ithout a de facto review Mr. Gonzales is without a form [sic] to address his issues."  Brief of Appellant, Petition for Review at 3, State v. Gonzales, (Kan. 1995) (No. 94-71217-A).  The State nevertheless conceded that Gonzales exhausted the arguments raised in his habeas petition and memorandum in

(continued...)

petition for discretionary review to the state's highest court are not exhausted and are procedurally defaulted when, as here, they are now time-barred. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In his supplemental brief on the exhaustion issue, Gonzales makes no effort to argue that he asserted the Strickland-Brady cumulation issue in state court. Nor does he argue that any procedural default of this issue is excused by adequate cause and actual prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Instead, he offers two arguments for overcoming the exhaustion and procedural default requirements. The second of these arguments plainly is without merit. Gonzales argues that any failure to exhaust the Strickland-Brady cumulation claim is excused because exhaustion of this claim would have been futile. Such futility, he argues, is established by the fact that "[t]here can be no conceivable purpose in requiring state litigation to include an argument of cumulation of various errors when the state courts refused to find any error existed in the first place." (Aplt Supp. B. 5.) This argument fails for two reasons. It is wrong as a factual matter, because only the court of appeals "refused to find any [Brady] error existed in the first place." The Kansas Supreme Court never stated its reason for denying review;

---

⁵(...continued)
support thereof. Answer & Return at 2, Gonzales v. McKune (D. Kan. 1999) (97-3168-DES).

thus only through pure speculation could we conclude that its denial was based on a conclusion that the undisclosed material was not exculpatory. Further, it fails as a legal matter, because Gonzales fails to present any authority – and we have found none – in support of the position that an argument is futile merely because in retrospect it appears that the claim would have been denied.

Gonzales' other argument for overcoming the exhaustion requirement is that § 2254's exhaustion requirement simply does not require that he have argued for Strickland-Brady cumulation before the state courts. He argues that exhaustion requires only that the substance of the claim be presented, and that requirement was satisfied here because the factual and legal basis for both the Strickland and the Brady claims, considered separately, was presented in state court. According to Gonzales, to require more–to require that Gonzales have articulated an argument as to cumulative error combining Strickland and Brady errors–would be to require more than the existing standard demands. Instead, such a requirement would create "a regime of pleading that is impossible for litigants to meet." (Aplt. Supp. B. 2.)

We find this argument unpersuasive. Here, the substance of the claim is that the state courts should have cumulated Strickland prejudice and Brady materiality in determining whether its confidence in the outcome was undermined. The Kansas Supreme Court might have found this argument

-5-

persuasive, but it never had an opportunity to consider it. To grant Gonzales relief now, on the basis of an argument that he failed (without explanation) to present to the relevant state court, would be contrary to 28 U.S.C. § 2254(b)(1).

Accordingly, we hold that Gonzales failed to exhaust the issue of Strickland-Brady cumulation and that the issue now is procedurally defaulted without cause and prejudice or a fundamental miscarriage of justice. Because consideration of that issue was the central reason why the en banc court granted rehearing, we now vacate our order granting rehearing en banc as improvidently granted.

The remaining issue we must resolve is the status of the original panel opinion in this case. The panel decision resolved the Strickland-Brady cumulation issue on the merits, while the State now properly asserts that this issue was not exhausted and should instead have been disposed of by the panel on that ground. We agree. Accordingly, the portion of the panel opinion discussing the Strickland-Brady cumulation issue – Part V of the opinion, 247 F.4d 1066, 1077-79 – is vacated.[6]

Although it now appears that, in light of O'Sullivan, none of the issues

---

[6] Because the panel only found deficient performance as to one of Gonzales' ineffective assistance of counsel claims, and Gonzales only asserted one Brady violation, the panel properly did not address cumulative error as to Strickland or Brady claims alone.

addressed in the panel opinion may have been exhausted,[7] the State does not argue that we should vacate the entire panel opinion. (Aple Supp. B. 5 (arguing "the panel's decision in this matter should stand without reference to the cumulative error argument").) For several reasons, we choose to vacate only the discussion of <u>Strickland</u>-<u>Brady</u> cumulation in Part V rather than the entire panel opinion. First, it was permissible for the panel to deny Gonzales' other claims, even if unexhausted, on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). More significantly, the State "expressly waive[d]," § 2254(b)(3), the exhaustion requirement as to all other issues addressed in the panel opinion. Answer & Return at 2, <u>Gonzales v. McKune</u> (D. Kan. 1999) (97-3168-DES).[8] In any event, we perceive no reason to take the unusual step of sua sponte raising exhaustion as to the other issues discussed in the panel opinion. <u>Hardiman v. Reynolds</u>, 971 F.2d 500, 502 (10th Cir. 1992) ("Generally, where the parties have not raised a

---

[7] <u>See</u> <u>supra</u> note 5.

[8] The State, correctly addressing the exhaustion issue in its answer to the habeas petition, "admit[ted] that petitioner has properly exhausted the issues now presented to this Court." Answer & Return at 2, <u>Gonzales v. McKune</u> (D. Kan. 1999) (97-3168-DES). This admission does not apply to the <u>Strickland</u>-<u>Brady</u> cumulation issue for the simple reason that at the time the admission was made, Gonzales had not yet asserted the <u>Strickland</u>-<u>Brady</u> cumulation issue.

defense [of exhaustion or procedural default], the court should not address the defense sua sponte."). We note that, unlike the Strickland-Brady cumulation issue, the other issues addressed in the panel opinion were issues that were analyzed by the state court of appeals and discussed in detail by the district court. See id. at 503 n.5 ("[S]ua sponte consideration of a state procedural default might be inefficient where substantial resources have already been spent litigating the merits of a petition or where the defaulted issue is recurring."). Accordingly, we vacate only Part V of the panel opinion.

## Conclusion

For the foregoing reasons, Part V of the panel opinion in this case is VACATED, and the order granting rehearing en banc is VACATED.