FILED
United States Court of Appeals
Tenth Circuit

May 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD D. RICHWINE,

        Plaintiff - Appellant,

v.

ANTHONY ROMERO, Warden,

        Defendant - Appellee.

No. 10-2247
(D.C. No. 1:09-CV-00870-JB-GBW)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Richard D. Richwine, a prisoner of the State of New Mexico,

applied for a writ of habeas corpus in the United States District Court for the

District of New Mexico. *See* 28 U.S.C. § 2254. The court dismissed the

application without prejudice after ruling that some of the claims were

unexhausted. Defendant sought to appeal the dismissal and we granted a

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certificate of appealability (COA), *see id.* § 2253(c)(1)(A), directing the State to submit a response addressing whether it had waived the exhaustion requirement. We reverse the judgment of the district court and remand for further proceedings. The State waived its exhaustion defense, and the district court failed to consider that waiver before dismissing Defendant's application on exhaustion grounds.

## I.    BACKGROUND

On October 11, 2007, a New Mexico jury found Defendant guilty of trafficking controlled substances, possession of marijuana, and use or possession of drug paraphernalia. The state trial court sentenced him to concurrent sentences of nine years' imprisonment on the trafficking conviction, 15 days' imprisonment on the marijuana conviction, and 364 days' imprisonment on the paraphernalia conviction.[1] He appealed and the New Mexico Court of Appeals affirmed. The New Mexico Supreme Court denied his petition for a writ of certiorari. Defendant then sought habeas relief in state court. The trial court denied his petition and the New Mexico Supreme Court again denied certiorari.

After pursuing these state remedies, Defendant filed a pro se application under 28 U.S.C. § 2254 in federal district court. The State filed an answer and a motion to dismiss the application, In both pleadings the State identified five grounds for relief raised by Defendant that encompassed a total of 23 claimed errors. The State argued that because 12 of these errors had not been raised in

---

[1] On appeal, Defendant challenges only the trafficking conviction.

any state proceeding and were hence unexhausted, the habeas application was a mixed one—that is, it contained both exhausted and unexhausted claims. The State asked that the application be dismissed without prejudice as a mixed application or that the district court determine that all the claims were without merit and dismiss them with prejudice. *See Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (setting forth alternatives for disposing of mixed applications).

A magistrate judge issued proposed findings and a recommended disposition in which he identified a number of claims as unexhausted. Although some of these claims had been raised in Defendant's state habeas petition, the magistrate judge believed that Defendant had not petitioned the New Mexico Supreme Court for certiorari regarding the habeas petition and that those claims were therefore unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to exhaust state remedies, applicants must petition state supreme court for discretionary review when it "is a normal, simple, and established part of the State's appellate review process"). The magistrate judge recommended that Defendant be allowed to amend his application to remove the unexhausted claims and that the application be dismissed if he did not.

The magistrate judge also ordered the State to provide the record in Defendant's state proceedings. It was filed after issuance of the initial recommendation. Contrary to the magistrate judge's original view, the submitted

state record indicated that Defendant had sought review in the New Mexico Supreme Court of the denial of his habeas petition. The record did not contain Defendant's petition for certiorari, however, so the magistrate judge ordered the State to produce it. When the State submitted the petition, it also filed a supplemental answer revising its position on exhaustion. The supplemental answer stated:

> 5. Following a review of [Defendant's] state habeas corpus petition filed March 13, 2009, as well as the petition for writ of certiorari, filed April 22, 2009, [the State] submits [Defendant] has exhausted his issues by bringing the claims before the New Mexico state courts.[]
> 6. [The State] continues to assert that [Defendant] has failed to raise any federal constitutional claim requiring federal habeas corpus review and relief; specifically the federal habeas corpus standards of review apply. 28 U.S.C. § 2254(d) and (e).
> 7. [The State] does not waive any other defenses or other objections to any claims raised in the Petition, Doc. 1.
>     . . .
> WHEREFORE [the State] respectfully requests this Court dismiss the Petition with prejudice.

R., Vol. 1 pt. 3 at 462.

Defendant's response to the supplemental answer noted that the State had now acknowledged that all issues had been exhausted. The magistrate judge issued an amended recommended disposition after considering the full state-court record. The new recommendation said that only four of Defendant's claims of ineffective assistance of counsel were unexhausted but still recommended that the

-4-

application be dismissed without prejudice if Defendant did not amend to remove those claims.

Defendant's objection to the magistrate judge's recommendation noted again that the State had conceded in its supplemental answer that his claims were exhausted. In response to the objection, the district court did not mention waiver by the State but instead analyzed whether Defendant had exhausted each claim. It adopted in part the magistrate judge's recommendation, determining that two of Defendant's ineffective-assistance-of-counsel claims had not been exhausted.[2] The court's order stated that if Defendant did not amend his application within 30 days to remove the unexhausted claims, the application would be dismissed without prejudice. Defendant did not delete the apparently unexhausted claims, and the district court dismissed his application without prejudice.

## II.    DISCUSSION

A habeas application cannot be granted unless the applicant has exhausted available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). A state may waive the exhaustion requirement, but only if "the State, through counsel, expressly waives

---

[2]We note that it is not clear to us what is required for exhaustion when a New Mexico prisoner seeks state habeas relief. The New Mexico Supreme Court has stated that its review by certiorari of a state district court denial of a habeas petition is actually an exercise of its original jurisdiction. *See Cummings v. State*, 168 P.3d 1080, 1082–83 (N.M. 2007). Therefore, a prisoner might be said to have exhausted a claim by raising it for the first time in his petition for certiorari to the state's highest court.

the requirement." *Id.* § 2254(b)(3). Defendant asserts that the State waived the requirement by conceding exhaustion in its supplemental answer.

The State's supplemental answer to Defendant's § 2254 application states: "[The State] submits [Defendant] has exhausted his issues by bringing the claims before the New Mexico state courts." R., Vol. 1 pt. 3 at 462. Nevertheless, the State argues on appeal that it did not waive the exhaustion requirement because the quoted statement did "not establish the clarity of intent to waive exhaustion that is required by 28 U.S.C. § 2254(b)(3)." Aplee. Br. at 12. It relies on an unpublished opinion of another circuit, *Dreher v. Pinchak*, 61 F. App'x 800, 802–03 (3d Cir. 2003) (unpublished), which held that a state concession of exhaustion in its answer to a § 2254 application was not an express waiver. But the reasoning of that opinion was later rejected in a published opinion of that circuit. *See Sharrieff v. Cathel*, 574 F.3d 225, 229 & n.5 (3d Cir. 2009). In any event, *Dreher* is contrary to our precedent. In *Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (en banc), we held that a state "expressly waived" the exhaustion requirement when its answer to the habeas application "admitted that petitioner has properly exhausted the issues now presented to this Court." (brackets and internal quotation marks omitted). The language used by the State in this case is virtually the same as that recognized as an express waiver in *Gonzales*. Moreover, there is additional evidence of waiver here. In its initial answer and motion to dismiss, the State had requested dismissal without prejudice

-6-

(for failure to exhaust) or, in the alternative, dismissal with prejudice; but its supplemental answer requested only dismissal with prejudice, demonstrating that the State was now asking for a decision on the merits and not a decision based upon the exhaustion requirement.

Because the State expressly waived the exhaustion requirement, the district court erred in dismissing Defendant's application without discussion of the waiver. True, a court can consider exhaustion and dismiss unexhausted claims sua sponte. *See Fairchild v. Workman*, 579 F.3d 1134, 1148 n.7 (10th Cir. 2009) (court could consider exhaustion even though state had not explicitly argued it); *Williams v. Jones*, 571 F.3d 1086, 1089 (10th Cir. 2009) (this court sua sponte raised exhaustion despite state's position that claims had been exhausted; after deciding that claims had been exhausted, it did not consider whether state had waived); *see also Granberry v. Greer*, 481 U.S. 129, 134 (1987) (court can sua sponte consider exhaustion in "exceptional cases in which the State fails, whether inadvertently or otherwise, to raise an arguably meritorious nonexhaustion defense"). But it would be an "unusual step" for a court to dispose of a case on exhaustion grounds sua sponte after the state has expressly waived an exhaustion defense. *Gonzales*, 279 F.3d at 926. We have never decided what, if any, circumstances would justify such a step. *See Pike v. Guarino*, 492 F.3d 61, 74 (1st Cir. 2007) ("A federal court may choose, in its sound discretion, to reject a state's waiver of . . . nonexhaustion . . . . In exercising this discretion, concerns

of comity, federalism, and judicial economy weigh heavily in the balance.").  And we do not do so now.  The district court in the first instance should consider the propriety of addressing exhaustion despite the State's waiver.

## III.    CONCLUSION

We REVERSE the judgment of the district court and REMAND for proceedings consistent with this order.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge