FILED
United States Court of Appeals
Tenth Circuit

August 17, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARREL ALAN HYBERG

     Plaintiff–Appellant,

v.

KEVIN MILYARD, Warden, Sterling
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents–Appellees.

No. 11-1188
(1:09-CV-02271-CMA)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Darrell Hyberg, a Colorado prisoner proceeding pro se,[1] seeks a Certificate of

Appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition. We deny a COA and dismiss the appeal.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because he proceeds pro se, we construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Hyberg was convicted of murder after deliberation and related charges in El Paso County District Court and sentenced to life in prison without the possibility of parole. Hyberg, represented by counsel, appealed. During the appeal, his attorney sent him a letter in which she stated that she heard from the staff at Hyberg's prison that he had "been looking up [her] other clients . . . in an effort to have them join [him] in a complaint against [her]." Hyberg's conviction was affirmed by the Colorado Court of Appeals.

Shortly after he lost his appeal, Hyberg received a letter from his attorney in which she stated unequivocally that she would file a petition for certiorari with the Colorado Supreme Court "within the 45 days allowed from the date of the [appellate] opinion." She did not do so. After the deadline for seeking certiorari had passed and Hyberg inquired regarding the status of his petition, his attorney sent him a letter saying she would not file for certiorari because his claims lacked merit.

Proceeding pro se, Hyberg filed a "Petition for a Writ of Habeas Corpus" with the Logan County District Court, arguing that his attorney was ineffective for failing to file his certiorari petition. The court construed the petition as a Colorado Rule of Appellate Procedure 35(c) motion for postconviction review and transferred the motion to El Paso County District Court. Due to an administrative error, that court placed Hyberg's motion on the civil docket and denied as moot Hyberg's "Motion to Stay Proceeding 35(c)." After several filings by Hyberg, in which he sought to determine the status of his petition and amend it, the El Paso County Court finally addressed the merits of his ineffectiveness

claim and rejected it. His appeal, which raised an additional ineffectiveness claim stemming from appellate counsel's alleged conflict of interest based on the letter in which she admonished him for considering a complaint against her, was rejected on the merits. Hyberg petitioned the Colorado Supreme Court for certiorari, which was denied.

Hyberg then filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. In his application, he raised seven issues. The District Court dismissed five of them as unexhausted. Rejecting Hyberg's request for an evidentiary hearing, the court considered two of his ineffectiveness claims on the merits and denied them.

On appeal, Hyberg makes four arguments. He contends that the district court erred by: (1) rejecting his claim that his appellate counsel was ineffective for failing to file a certiorari petition to the Colorado Supreme Court; (2) rejecting his claim that his appellate counsel had a conflict of interest; (3) determining that Hyberg did not show cause and prejudice for his failure to exhaust several claims in state court; and (4) failing to conduct an evidentiary hearing on his claims.

## II

In order to appeal the denial of his § 2254 petition, Hyberg must first receive a COA from this court. See 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). In cases in which the

district court dismisses a habeas petition on procedural grounds, we may grant a COA only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

A habeas petitioner has the additional burden of showing that the state court adjudication of his claim was either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254.

## III

The district court was correct to reject Hyberg's first two arguments on the merits. Both concern ineffectiveness of appellate counsel, which is governed by Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Id. at 687.

Hyberg's attorney failed to follow through on her promise to file a petition for certiorari on his behalf. But the Sixth and Fourteenth Amendments extend the right to counsel only during trial and the first appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Review by the Colorado Supreme Court on a certiorari petition is discretionary. Colo. App. R. 49(a). The United States Supreme Court has "rejected suggestions" to "establish a right to counsel on discretionary appeals." Finley, 481 U.S. at 555; see also Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) ("Since respondent

-4-

had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").

Hyberg argues that these cases are inapplicable because they were decided before the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which places a demanding burden on petitioners—even those proceeding pro se—to exhaust all issues during the state appeals process by raising them in a petition for certiorari to the state's highest court. Gonzales v. McKune, 279 F.3d 922, 924 (10th Cir. 2002). Because exhaustion on direct appeal is so critical to future federal habeas review, Hyberg contends, we should expand the scope of the right to counsel to include certiorari petitions to state supreme courts. We are certainly troubled that AEDPA has exacerbated the impact of having poor representation at the certiorari stage—Hyberg's attorney's inaction foreclosed not only any relief from the Colorado Supreme Court, but also any habeas remedy in federal court. However, our authority to grant habeas relief is circumscribed by the requirement that a petitioner show a violation of "clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254. The only pertinent Supreme Court precedent cuts against Hyberg's position. Finley, 481 U.S. at 555; Wainwright, 455 U.S. at 587-88. Thus, the district court correctly concluded that the state courts did not violate clearly established federal law.

Hyberg's second contention, that his appellate counsel had a conflict of interest, also fails. Hyberg's counsel's admonition that it was in his best interest to cooperate with her, rather than filing a complaint against her, is not sufficient to show a conflict of interest. Although the Colorado Court of Appeals reached this conclusion in a summary

fashion, we will uphold such a decision so long as it does not contravene clearly established federal law. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). We adopt the district court's reasoning on this issue. Contrary to Hyberg's protestations, there is no presumption of prejudice in his case because his counsel did not take on clients with directly conflicting interests. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); Mickens v. Taylor, 535 U.S. 162, 176 (2002). And Hyberg's claim fails on the first Strickland element: the letter does not support the conclusion that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687.

## IV

Hyberg's next argument concerns the district court's dismissal of his unexhausted claims. Federal courts must dismiss a habeas claim that was not exhausted in state courts. 28 U.S.C. § 2254(b)(1). Not only must a claim be raised in state courts, it must be properly presented; we will not address claims "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted). A petitioner arguing that his procedural error is excusable based on cause "must demonstrate that he diligently pursued his federal claims as part of his showing of cause for the delay in filing." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010).

Of Hyberg's four claims dismissed based on failure to exhaust, three were not raised at any point prior to the federal proceedings and one was raised only in his appeal

-6-

of the denial of his Rule 35(c) motion. Hyberg does not argue that he exhausted any of these claims, but argues that he has established "cause and prejudice" for his failure to exhaust. Specifically, he contends that the Colorado courts issued many "contradictory, confusing orders." The El Paso County Court misfiled Hyberg's Rule 35(c) motion and issued an erroneous order holding that Hyberg's motion to "stay" the proceedings was moot. But in spite of the confusing actions of the Colorado courts, Hyberg submitted several filings forcefully arguing the claims discussed above. The misfiling of his petition did not prevent him from diligently arguing his other claims as well. And his failure to raise all potential claims in his initial or amended Rule 35(c) motion now prevents him from doing so in the Colorado courts. Colo. R. Crim. P. 35(c)(3)(VII) (requiring the denial of claims not raised in an initial postconviction motion).

Hyberg also argues that the Colorado rules confused him by treating his self-styled habeas petition as a Rule 35(c) motion. But pro se petitioners are imputed with knowledge of legal procedural rules. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir. 1991). And Colorado law requires ineffectiveness claims to be treated as Rule 35(c) motions. Horton v. Suthers, 43 P.3d 611, 615-16 (Colo. 2002). This rule in no way prevented Hyberg from fully stating all of his claims in his initial postconviction motion—regardless of whether it was subsequently treated as petition for habeas corpus or a Rule 35(c) motion.

Hyberg's claims are inexcusably unexhausted and, at this point, are procedurally defaulted under Colorado law. They were properly dismissed by the district court and no reasonable jurist could contend otherwise.

## V

Finally, Hyberg argues that he was entitled to an evidentiary hearing in the district court to determine whether his counsel had a conflict of interest. The decision to conduct such a hearing is generally within the discretion of the district court. Hammon v. Ward, 466 F.3d 919, 926 (10th Cir. 2006). But, if he "diligently pursued" his claim in state court, he "is entitled to an evidentiary hearing on the issue of ineffective appellate counsel "so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." Id. at 926-27. Assuming without deciding that Hyberg diligently pursued his claim, he was not entitled to a hearing before the district court because the facts he alleged do not amount to ineffective assistance of counsel. As discussed above, his counsel's knowledge of his putative complaint against her did not amount to a "conflict of interest," and Hyberg makes no other allegation that could plausibly support an ineffectiveness claim.

## VI

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Hyberg's motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge