**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATALIE THRASHER,

        Petitioner-Appellant,

v.

ARLENE HICKSON, Warden; GARY
K. KING, Attorney General of the
State of New Mexico,

        Respondents-Appellees.

No. 11-2075
(D.C. No. 1:09-CV-00231-MV-WDS)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

        Natalie Thrasher, a New Mexico prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of her

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1]

---

     [*]       This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

     [1]       Because Ms. Thrasher is proceeding pro se, we construe her filings
(continued...)

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny the COA and dismiss her appeal.

## BACKGROUND

After conducting a controlled buy of illegal drugs at Ms. Thrasher's apartment in April 2005, officers of the Albuquerque Police Department obtained a warrant to search her residence. Ms. Thrasher was present during the search and admitted to having crack cocaine in her purse. She later stipulated that the amount was 6.3 grams. Officers also discovered $2018 in cash in Ms. Thrasher's purse and jacket, some of which was arranged in the form of "drug wallets" (folded in half and separated into increments of $100). Officers found no drug paraphernalia in the apartment (a fact allegedly consistent with an intent to distribute the cocaine and inconsistent with simple possession for personal use). The cash was returned to Ms. Thrasher prior to her trial.

In February 2006, following trial before a jury, Ms. Thrasher was convicted of one count of drug trafficking (by possession with intent to distribute). In May 2006, Ms. Thrasher was sentenced to 18 years' imprisonment, followed by two years of parole. Her conviction was affirmed on appeal, and the New Mexico Supreme Court denied certiorari on January 4, 2008.

On June 24, 2008, Ms. Thrasher filed a petition for writ of habeas corpus in

_____

[1](...continued)
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

2

New Mexico state court. That court, construing her claims as involving

ineffective assistance of counsel, denied relief.[2] Ms. Thrasher then sought a writ

of certiorari from the New Mexico Supreme Court, which was denied.

On March 6, 2009, Ms. Thrasher filed an application for a writ of habeas

corpus in federal district court pursuant to 28 U.S.C. § 2254. *See* R. at 4 (Appl.

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed Mar. 6, 2009). In

her application, Ms. Thrasher raised five claims, each with numerous sub-issues.

One of these claims was ineffective assistance of counsel. *See id.* at 20. The

other four were (1) that the state habeas court abused its discretion in refusing to

grant an evidentiary hearing, (2) that the trial court violated her right to a fair trial

by refusing to allow defense witnesses to testify, (3) that the trial court erred in

denying her motions for mistrial and directed verdict, and (4) that the trial court

---

[2]      In her state habeas petition, Ms. Thrasher put forward numerous claims, framed both as distinct varieties of ineffective assistance of counsel, and as independent or stand-alone contentions of error. The petition application asked Ms. Thrasher to explain why "these grounds have not been raised before," and she wrote, "Trial Attorney did not raise these issues – Ineffective assistance of counsel." R. at 333. In its entirety, the order by the New Mexico court denying post-conviction relief stated the following:

> Through a series of factual allegations, the petitioner suggests that her conviction should be reversed for ineffective assistance of counsel. [Petitioner's attorney] was faced with considerable evidence against his client and presented a colorable defense in spite of the evidence. He challenged the evidence against her and presented a defense. [His] assistance fell well within that which is required of the effective lawyer.

*Id.* at 328.

3

erred in not finding that the cumulative effect of multiple alleged instances of prosecutorial misconduct deprived her of a fair trial. *Id.* at 23–27. The magistrate judge took note of the State's concession that Ms. Thrasher had exhausted these claims in state court,[3] then thoroughly analyzed each of the five claims and the related sub-issues, ultimately recommending denial of the petition on the merits and dismissal with prejudice. The district court adopted that recommendation and also denied Ms. Thrasher a certificate of appealability.[4]

---

[3] The magistrate judge unquestionably was correct to find that the State explicitly conceded that Ms. Thrasher exhausted her claims in state court. *See* R. at 458 (Resp'ts' Mem. in Supp. of Mot. to Dismiss Pet., filed July 19, 2010) ("The . . . state district court, the New Mexico Court of Appeals and New Mexico Supreme Court review[ed] and den[ied] all claims now presented in the petition . . . ."). Such a concession constitutes an express waiver. *See* 28 U.S.C. § 2254(b)(3) ("A State shall . . . be deemed to have waived the exhaustion requirement . . . [if] the State, through counsel, expressly waives the requirement."); *Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (holding that the State expressly waived the exhaustion requirement when its answer to the habeas petition conceded that "petitioner has properly exhausted the issues now presented to this Court").

[4] On the same day that she filed her federal habeas application, March 6, 2009, Ms. Thrasher also filed a second state habeas petition. *See* R. at 407 (Pet. for Writ of Habeas Corpus, filed Mar. 6, 2009). In that petition, she raised two claims: (1) ineffective assistance of counsel and (2) "police misconduct." With respect to her first claim, Ms. Thrasher listed a number of sub-issues. *Id.* at 410. With respect to police misconduct, she stated only that "police reports from [the] day of my arrest have been alter[e]d with signatures, dates, codes and case numbers." *Id.* at 409. When asked in the application to explain why these issues had not been raised previously, Ms. Thrasher stated, "Because these issues were just discovered." *Id.* at 411. The New Mexico court issued an order on March 10, 2009, that stated as follows in its entirety:

Petitioner alleges ineffective assistance of counsel. Counsel at trial did

(continued...)

4

Ms. Thrasher now seeks a COA from this Court, raising only three claims: (1) that the search of her residence was unlawful; (2) that the State's use of the seized cash as evidence to prove intent to distribute was improper because the cash had been returned to her before trial; and (3) that the notary on the State's petition for an extension of time for trial was invalid.[5] Contrary to the approach she has previously taken, Ms. Thrasher presents these claims solely as

---

[4](...continued)
an excellent job in the face of facts squarely against the defendant. Standard of practice was well within that required by trial counsel. Petitioner was convicted by the facts[,] not because of ineffective assistance of counsel.

*Id.* at 415 (Order on Pet. for Writ of Habeas Corpus, filed Mar. 10, 2009).

In his proposed findings, the federal magistrate judge took note of Ms. Thrasher's second state habeas petition, *see id.* at 490 n.2, 502 n.5, apparently because that petition and the subsequent order were included as exhibits in the State's answer to Ms. Thrasher's federal habeas application, *see id.* at 120 (Resp'ts' Answer, filed May 29, 2009); *see also id.* at 457 (Resp'ts' Mem. in Support of Mot. to Dismiss Pet., filed July 19, 2010). The magistrate judge found that "[t]he only Petition that Petitioner references in her [federal] submissions is her [state] Petition filed June 24, 2008," and concluded that "even if Petitioner intended for both [state] Petitions to be the subject of" her federal habeas claims, "the result would be the same." *See id.* at 490 n.2, 502 n.5. We need not decide whether it would be proper to consider the state court's resolution of the second state habeas petition because the resolution of that petition does not alter our conclusions here.

[5]   We consider the other claims, as well as the related sub-issues, that Ms. Thrasher advanced in her federal habeas application to be abandoned. *See Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1302 n.6 (10th Cir. 2010) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007)) (alteration in original)).

independent grounds of error. In the state post-conviction proceeding below, these issues were resolved under the rubric of ineffective assistance of counsel. *See id.* at 333, 328. In her federal habeas application, Ms. Thrasher raised these issues to support both her ineffective assistance of counsel claim and her claim of cumulative error, which focused on a bevy of instances of alleged prosecutorial misconduct. Rather than undertake an analysis to determine whether these claims should be considered waived because they have been repackaged on appeal and presented to us in a different form than they appeared in the district court, *see, e.g.*, *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993) (stating that "there are many ways in which a case may present . . . issues not passed upon below," including "a situation where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial" (internal quotation marks omitted)), we will construe Ms. Thrasher's COA application liberally and analyze the issues in it under the framework of ineffective assistance of counsel, which appears to be the gravamen of her grievance.[6]

---

[6] The district court (through its adoption of the magistrate judge's findings) also analyzed these contentions under the rubric of cumulative error, specifically relating to instances of alleged prosecutorial misconduct. As noted, this was not the decisional framework of the New Mexico court, which focused on ineffective assistance of counsel. To the extent that Ms. Thrasher's cumulative-error claim could be deemed to be properly before us for review in her COA application, we note that we have carefully considered the district court's analysis of this claim, in light of the applicable law and the entire record. And we have no

(continued...)

6

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to our review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") circumscribes our review of federal habeas claims that were adjudicated on the merits in state-court proceedings. An applicant is not entitled to relief unless she can demonstrate that the state court's resolution of her claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an

---

[6](...continued)
difficulty concluding, for substantially the reasons adopted by the district court, that no reasonable jurists could debate the correctness of the district court's resolution of the cumulative-error claim. Therefore, even if this claim were properly before us, we would not grant a COA with respect to it.

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *accord Phillips v. Workman*, 604 F.3d 1202, 1209 (10th Cir. 2010). This "'highly deferential standard for evaluating state-court rulings[]' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

While we review de novo the district court's legal analysis of the state-court decision, *Welch v. Workman*, 639 F.3d 980, 991 (10th Cir. 2011), we incorporate AEDPA's deferential treatment of that decision into our consideration of the habeas applicant's request for a COA, *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Thus, to grant a COA, we must find that reasonable jurists could debate the district court's determination that the applicant is not entitled to habeas relief. *See id.* at 937.

## DISCUSSION

Ms. Thrasher faults her attorney for failing to object to three alleged errors: (1) unlawful search of her residence; (2) the State's use of the seized and subsequently returned cash as evidence to prove intent to distribute; and (3) an invalid notary on the State's petition for an extension of time for trial. We analyze each of Ms. Thrasher's claims in turn, applying the framework of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011). To prevail, Ms. Thrasher must show that her

8

"counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced the defense.'" *Id.* (emphasis omitted) (quoting *Strickland*, 466 U.S. at 687–88). These two prongs may be addressed in any order, and failure to satisfy either is dispositive. *Id.* at 1168.

*Strickland*'s "high bar" is difficult to surmount, *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)) (internal quotation marks omitted), and is made "doubly so" on federal habeas review, *id.* (quoting *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)) (internal quotation marks omitted). When § 2254(d) applies, as it does here, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* "[B]ecause the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has not satisfied that standard." *Byrd*, 645 F.3d at 1168 (quoting *Knowles*, 129 S. Ct. at 1420) (internal quotation marks omitted).

## I. Unlawful Search

Ms. Thrasher argues that her counsel was deficient for failing to point out that the police report associated with the controlled cocaine buy specified an address different from that of her apartment, and for failing to highlight various discrepancies in the dates on the police reports filed after the search of her residence. The magistrate judge found, and the district court agreed, that Ms.

9

Thrasher's claim lacked merit because the underlying errors in the police reports were "fairly minor technical violations" that "did not have a sufficient[ly] prejudicial effect" on Ms. Thrasher's defense. *See* R. at 501, 506–07. Reasonable jurists could not debate the district court's resolution under the second (i.e., prejudice) prong of *Strickland*. Ms. Thrasher does not dispute that a controlled buy was conducted at her residence, nor that the affidavit and search warrant themselves specified the proper address, nor that officers entered her home and discovered cocaine, cash, and a lack of drug paraphernalia. As the New Mexico court recognized in the state habeas proceedings, this amounted to "considerable evidence against" her. *Id.* at 328. Ms. Thrasher has thus failed to establish any "reasonable probability" that the outcome of her trial would have been different if her counsel had drawn attention to the minor police-report discrepancies. *Byrd*, 645 F.3d at 1168 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

## II. Return of Cash

The $2018 in cash seized from Ms. Thrasher's apartment was returned to her prior to trial. The receipt given to her attorney stated that the money was "not pertinent to [the] case." R. at 76 (Receipt, dated Oct. 19, 2006). Ms. Thrasher claims that the State did not file a supplemental certificate showing that the cash was returned. Instead, she argues that the prosecution "used" the cash at trial "as evidence to prove intent to distribute." Aplt. Combined Opening Br. & Appl. for

10

COA at 7. Ms. Thrasher believes that, if the jury had been aware of the statement on the receipt and if the State had followed procedure and filed a supplemental certificate showing that the money was returned to her, the prosecution's theory that the cash was derived from drug trafficking would "more than likely" have been discredited. R. at 21. She faults her attorney for failing to draw attention to these facts.

The magistrate judge found, and the district court agreed, that Ms. Thrasher's "conclusory allegation that the presentation of such evidence would result in a lesser conviction [i.e., simple possession] does not meet the required legal standard" and that Ms. Thrasher had said nothing to refute testimony by a detective at trial that cash was "frequently" returned to defendants. *Id.* at 504; *see also id.* at 499. While neither the magistrate judge nor the district court mentioned *Strickland* in resolving this claim, no reasonable jurist could debate the ultimate conclusion that Ms. Thrasher cannot prevail on it. In particular, her attorney's conduct—in failing to point out the statement on the receipt and the State's misstep in not filing a supplemental certificate—was neither objectively unreasonable nor prejudicial.

More specifically, there is no dispute that Ms. Thrasher actually possessed $2018 in cash at the time that her apartment was searched. The jury heard testimony from Ms. Thrasher on how she obtained the cash, why she kept it on hand, why she arranged it in $100 increments, and how she intended to use it.

11

*See* R. at 40 (*State v. Thrasher*, No. 26,808, filed Nov. 20, 2007). The jury also heard testimony from detectives that "drug wallets" of the sort found in Ms. Thrasher's purse and jacket were frequently used by street-level drug traffickers. *Id.* In deciding that Ms. Thrasher had engaged in trafficking, the jury had to (and did) find that she intended to distribute the cocaine she possessed—a fact that the presence, amount, and arrangement of the cash tended to establish. That the State decided to return the cash to her before trial, even with a receipt stating that it was "not pertinent," had no bearing on her state of mind at the time of her offense. In addition, the testimony by the detective that cash was returned to defendants "frequently" could have strongly contributed to the inference—which a rational jury could draw—that Ms. Thrasher had gotten her money back.

Therefore, Ms. Thrasher's attorney could reasonably have concluded that the statement on the receipt and the lack of a supplemental certificate were not helpful facts for her defense and, therefore, did not warrant presentation to the jury. In any event, in the face of the "considerable evidence" against Ms. Thrasher, as recognized by the New Mexico habeas court, *id.* at 328, she has not established a "reasonable probability" that raising these issues would have engendered a different outcome, *Byrd*, 645 F.3d at 1168 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted). Reasonable jurists could not debate the outcome that the district court reached regarding this claim.

**III. Invalid Notary on Petition for Extension**

New Mexico law required commencement of Ms. Thrasher's trial six months after her July 18, 2005, arraignment, unless the court granted an extension of time.  *See* R. at 366 (Memo. to Ct., dated Dec. 9, 2005).  As the six-month deadline approached, the New Mexico district attorney petitioned for an extension "because *defense counsel* needs more time in preparation for trial."  *Id.* (emphasis added).  The petition was verified by a notary on December 9, 2005, but the notary stated in the same document that the notary's commission had expired on July 21, 2005—over four months prior.  *Id.* at 364.  The court approved an extension, with trial to commence no later than April 18, 2006.  *Id.* at 368.  Ms. Thrasher's trial was held in February 2006.

Ms. Thrasher has pointed out, correctly, that it is unlawful for a notary to exercise the duties of his office when his commission has expired.  *See* N.M. Stat. Ann. § 14-12A-25 (1978).  She claims that her attorney was constitutionally ineffective for failing to file for dismissal of charges based on the allegedly invalid petition for extension.  The magistrate judge found, and the district court agreed, that "such a harmless error would not lead to a dismissal."  R. at 505.  That conclusion is unassailable in its own right and for the additional reason that it was *Ms. Thrasher's counsel* who needed the extra time in the first place.  The extension presumably aided Ms. Thrasher's defense.  Consequently, it would have bordered on the fatuous for Ms. Thrasher's defense counsel to raise the issue of the notary's defective commission.  More to the point, we cannot conclude that

13

failing to raise the defective-commission issue was objectively unreasonable or prejudicial. Thus, Ms. Thrasher cannot prevail on this ground. Accordingly, we conclude that reasonable jurists could not debate the district court's resolution of it.

## CONCLUSION

For the foregoing reasons, we **DENY** Ms. Thrasher's application for a COA and **DISMISS** her appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge