# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1195

———————

Robert William Kerns,                          *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   District Court for the Southern
                                               *   District of Iowa.
John Ault, Warden,                             *
                                               *
            Appellee.                          *

———————

Submitted:  November 16, 2004
Filed:  May 17, 2005

———————

Before SMITH, BEAM, and BENTON, Circuit Judges.

———————

BEAM, Circuit Judge.

In this habeas corpus case, Robert Kerns appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. Because we agree that his claim is procedurally defaulted, we affirm.

## I.    BACKGROUND

An associate of Kerns mugged a man, using a knife or razor[1] as a weapon, and stole the man's laptop computer. Kerns then participated in the theft by pawning the laptop. Later, Kerns held up a series of businesses by handing the desk clerk a note demanding money and insinuating that he had a weapon. Once caught, Kerns pled guilty to theft and four second-degree robbery charges. Pursuant to the government's recommendation, the state court sentenced Kerns to two consecutive ten-year sentences, two concurrent ten-year sentences, and one concurrent five-year sentence, for a total of twenty years.

As relevant to this action, Kerns appealed to the Iowa Court of Appeals claiming that the sentencing court improperly relied on the premise that he used a razor in the mugging, because his associate performed the mugging and used the weapon. However, Kerns only advanced state law arguments in support of this position. The Iowa Court of Appeals rejected Kerns' claim and cited no federal law in its opinion. State v. Kerns, No. 99-811, 2000 WL 702877 (Iowa Ct. App. May 31, 2000). Kerns did not seek state post-conviction relief.

Kerns timely filed a federal habeas corpus petition that contained both exhausted and unexhausted claims. The government filed an answer and moved to dismiss the mixed petition on this basis, and it also asserted in its answer that some of Kerns' claims (including the sentencing issue based upon the use of the razor) were procedurally defaulted. The district court agreed that Kerns' petition contained unexhausted assertions and allowed him to amend his petition to assert only his exhausted claims. After Kerns filed his amended petition, the district court denied

---

[1] At various points in the record, the weapon is referred to as a "scalpel-type knife" and a razor. We, like the parties, will simply refer to the weapon throughout this opinion as a razor.

the state's motion to dismiss. Kerns proceeded with two claims–a due process claim based on the razor/sentencing issue, and a constitutional challenge to Iowa's eighty-five percent sentencing law. The district court[2] denied the sentencing claim on its merits. The court further concluded that because Kerns had not presented a federal constitutional challenge for the razor/sentencing issue in his direct state appeal, the issue was procedurally defaulted.

The only issue certified for appeal concerns the due process claim. Importantly, Kerns concedes that the claim *is* procedurally defaulted.[3] However, he

---

[2]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, adopting the Report and Recommendation of Chief Magistrate Judge Ross A. Walters.

[3]All parties discuss this issue without mentioning the exhaustion doctrine. While Kerns did fairly present the factual basis for his claim to the state court, he clearly did not present a federal constitutional allegation, nor did the court decide the case on federal grounds. Both the factual and legal basis must be presented for exhaustion to occur. McCartney v. Vitek, 902 F.2d 616, 617 (8th Cir. 1990). Kerns need not have cited to any particular federal case, but must have "fairly apprize[d] the state court of the facts and the 'substance' of his federal claim." Odem v. Hopkins, 192 F.3d 772, 776 (8th Cir. 1999). However, the record indicates that for whatever reason, the government has, in a roundabout way, expressly waived exhaustion for this claim. In briefing to the district court, the state asserts that it conceded exhaustion of this claim in its motion to dismiss. Respondent's Brief at 9, Kerns v. Ault, Civil No. 4-01-CV-10656 (S.D. Ia. Apr. 17, 2002). Our review of Respondent's Motion to Dismiss, Brief in Support of the Motion to Dismiss, and the Answer reveals no such concession. Nonetheless, we find that the state's declaration of waiver in its district court brief is a sufficient affirmative waiver of exhaustion for the purposes of 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").

Accordingly, because exhaustion has been waived, we need not examine the futility doctrine and we can proceed directly to the question of whether Iowa law

argues that because the claim survived the motion to dismiss despite the state's argument that it was procedurally defaulted, and because the district court did not suggest that he replead the claim, his claim can advance on one of two grounds: 1) that it is "law of the case" that the district court implicitly rejected the procedural default defense when it did not grant the motion to dismiss or counsel Kerns to replead this claim; or 2) that the state has waived the procedural default defense after it was implicitly rejected by the district court and the state did not ask for a motion to reconsider the denial of the motion to dismiss.

## II.    DISCUSSION

We review the district court's legal conclusions concerning procedural default de novo.  Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002).

We summarily dispose of Kerns' law-of-the-case argument.  The district court denied the state's motion to dismiss once Kerns had withdrawn the unexhausted claims.  The order denying this motion cites only to Rose v. Lundy, 455 U.S. 509 (1982), for the proposition that an unexhausted claim can be dismissed to avoid dismissal of the entire petition.  The order does not mention procedural default in any way.  At that point in the litigation, Kerns had only filed a pro se petition, and the

would currently apply a procedural bar to Kerns' claim.  Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (holding that procedural default is not implicated for an unexhausted claim until it is established that further resort to state law would be futile, and it is clear that state law would procedurally bar the claims).  At the time the federal habeas corpus petition was filed in 2001, state post-conviction relief would still have been available, because the decision became final under state law in late 2000.  Iowa Code Ann. § 822.3 (a post-conviction claim can be brought within three years from the date the decision is final).  The state post-conviction remedy would no longer be available at this time, however, and it is clear that Iowa law would procedurally bar this claim.  Thus we proceed directly to the procedural default analysis.

government had responded with an answer and a motion to dismiss. There had been no hearing and no appointment of counsel for Kerns. Under these circumstances, the law-of-the-case doctrine does not apply, as the district court had not in any way adjudicated the issue.

Similarly, Kerns' waiver argument–that the state waived its procedural default defense by not asking for reconsideration of the denial of the motion to dismiss–is without merit. The state raised procedural default defenses in its answer, and when it later (after the motion to dismiss was denied) filed its Respondent's Brief with the district court, it continued to assert the procedural default defenses.

Kerns argues that because of the state's "waiver" of the issue, he did not have adequate notice to respond to the procedural bar argument. When Kerns drafted his amended pro se petition to exclude the unexhausted claims, he was under the mistaken assumption that the procedural bar defense had been rejected, and therefore did not assert cause, prejudice or actual innocence claims. However, after counsel was appointed, Kerns filed a reply brief in response to the state's brief. Instead of advancing arguments in favor of the cause and prejudice or actual innocence exceptions to the procedural default rule, Kerns argued that the law of the case prevented consideration of the procedural default issue, and that, in any event, the razor/sentencing due process claim *was* presented to the Iowa courts and therefore not procedurally defaulted (though he now concedes that same point). Even now, on appeal, Kerns has failed to advance arguments in his briefs[4] about what might constitute cause and prejudice or actual innocence in this case. We, like the district court, decline to make these arguments for Kerns. The federal component to the claim was not presented to the state courts, and Kerns would now be barred from bringing such a claim in state court. See ante n.3.

---

[4]Kerns argued at oral argument that one of the two exceptions to the procedural bar rule should be applied to his admittedly procedurally barred claim.

In any event, the claim clearly would fail on the merits. See Perry v. Kemna, 356 F.3d 880, 886 (8th Cir.) (holding that while petitioner's claim was probably procedurally barred, the court need not decide that issue because the claim clearly failed on the merits), cert. denied, 125 S. Ct. 657 (2004). Kerns' due process rights were not violated because the record indicates that the sentencing judge knew Kerns was not the person who utilized a razor during a robbery. Furthermore, Kerns had ample opportunity to correct any misinformation about the issue. Accordingly Kerns could not establish a due process violation based on these facts. West v. United States, 994 F.2d 510, 512 (8th Cir. 1993) ("[A] defendant is not deprived of due process when sentenced on the basis of [false] information as long as the defendant was afforded an adequate opportunity to challenge the information.") (quotation omitted).

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____