Jihad Abdullah SHARRIEFF,
Appellant

v.

Ronald H. CATHEL, Administrator;
The Attorney General of the State
of New Jersey Peter C. Harvey.

No. 07–1156.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) June 24, 2009.

Filed: July 30, 2009.

Jihad Abdullah Sharrieff, Trenton, NJ, pro se.

Kenneth P. Ply, Office of County Prosecutor Essex County, Newark, NJ, for Ronald H. Cathel.

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1. We refer to Ronald H. Cathel and the Attorney General of the State of New Jersey collectively as the "State".

Before: BARRY, SMITH, Circuit Judges and RESTANI, Judge.*

OPINION

SMITH, Circuit Judge.

Appellant Jihad Abdullah Sharrieff unsuccessfully petitioned the District Court for habeas relief based on an alleged violation of his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because the State [1] admits that a *Blakely* violation occurred, this appeal turns on the resolution of one issue: whether the State expressly waived the exhaustion requirement under 28 U.S.C. § 2254(b)(3) when it conceded exhaustion before the District Court. We hold that it did. Accordingly, we will reverse the District Court's decision in part, and remand with instructions to grant Sharrieff's petition for habeas relief so that he may be resentenced in state court on his two robbery convictions.

I.

Sharrieff was convicted in the Superior Court of New Jersey of charges stemming from the armed robbery of two individuals and the murder of a third. He was sentenced to a total term of imprisonment of life plus forty years with a sixty-four-year parole bar. On April 8, 2004, the Superior Court of New Jersey, Appellate Division, denied Sharrieff's appeal of his convictions and sentences for committing the robberies and the murder.[2]

On June 24, 2004, the United States Supreme Court issued its decision in *Blakely v. Washington*. On January 5,

2. The Appellate Division remanded the case for entry of an amended judgment to correct merger errors that are not at issue in this appeal.

2005, Sharrieff filed two documents with the Supreme Court of New Jersey: 1) a motion for leave to file a notice of petition for certification *nunc pro tunc*, and 2) a letter-petition for certification that argued, for the first time, that his sentences were imposed in violation of *Blakely*. The Supreme Court of New Jersey granted Sharrieff's motion for leave to file a notice of petition for certification as within time, but denied his petition for certification.

Following the Supreme Court of New Jersey's denial, Sharrieff petitioned the District Court for habeas relief without first seeking post-conviction relief in state court. In his federal habeas petition, Sharrieff raised, *inter alia*, a claim that his sentences were imposed in violation of *Blakely*. In its answer, the State "emphasize[d] that petitioner has received a full, fair and adequate hearing by the New Jersey State Courts with respect to all of the issues raised." Specifically addressing Sharrieff's *Blakely* claim, the State noted that Sharrieff did not raise it prior to his petition for certification, but concluded that it "appears that [Sharrieff] has exhausted his state court remedy as to this issue, since he presented it to the state's highest court in his petition for certification."

The District Court denied Sharrieff's habeas petition on its merits and refused to issue a certificate of appealability. We issued a certificate of appealability to determine whether the sentences for Sharrieff's two robbery convictions were imposed in violation of *Blakely*. We denied Sharrieff's request for a certificate of appealability as to all other issues.

## II.

■ The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Since the District Court ruled on Sharrieff's habeas petition without an evidentiary hearing, our review of its decision is plenary. *See Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir.2002). "Thus, we will review the state courts' decisions applying the same standard as the District Court." *Id.* Here, since no state court has adjudicated the merits of Sharrieff's *Blakely* claim, we will review pure legal questions and mixed questions of law and fact *de novo*, but will presume the correctness of any factual determinations that the state courts have made. *See Appel v. Horn*, 250 F.3d 203, 210 (3d Cir.2001).

## III.

■ Both Sharrieff and the State agree that the sentences for his robbery convictions were imposed in violation of *Blakely*. But "[w]ithout an express waiver by the state, a federal court is allowed under 28 U.S.C. § 2254(b)(1)(A) to grant a state prisoner's habeas petition only if the petitioner has exhausted all available state remedies." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir.2005). Here, it is clear that Sharrieff has not exhausted all available state remedies. He does not dispute the State's assertion that he could obtain relief through state post-conviction proceedings. And since the Supreme Court of New Jersey exercises discretionary review, N.J. Ct. R. 2:12–4,[3] it was not enough

---

3. According to N.J. Ct. R. 2:12–4,

   Certification will be granted only if the appeal presents a question of general public importance which has not been but should be settled by the Supreme Court or is similar to a question presented on another appeal to the Supreme Court; if the decision under review is in conflict with any other decision of the same or a higher court or calls for an exercise of the Supreme Court's supervision and in other matters if the interest of justice requires. Certification will

for Sharrieff to assert, for the first and only time in state court, his *Blakely* claim in his petition for certification. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (holding that "the submission of a new claim to a State's highest court on discretionary review" does not constitute a fair presentation of that claim for exhaustion purposes).[4] Therefore, even though the State concedes that relief is warranted on the merits of his *Blakely* claim, we must deny Sharrieff's habeas petition unless the State has expressly waived the exhaustion requirement. *See Bronshtein*, 404 F.3d at 725.

██ The express waiver requirement is mandated by statute. *See* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). Under Section 2254(b)(3), an express waiver requires more than just the failure to raise exhaustion as a defense. *See Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir.1997) (noting that since the Antiterrorism and Effective Death Penalty Act was passed, "a district court may no longer infer that a state has waived the nonexhaustion defense from its failure to invoke the defense expressly"). Section 2254(b)(3), however, does not specify what constitutes an "express[ ] waive[r]."

Five other courts of appeals have reached this issue. *D'Ambrosio v. Bagley*, 527 F.3d 489 (6th Cir.2008); *Pike v. Guarino*, 492 F.3d 61 (1st Cir.2007); *Kerns v. Ault*, 408 F.3d 447 (8th Cir.2005); *Dorsey v. Chapman*, 262 F.3d 1181 (11th Cir.

2001); *Bledsue v. Johnson*, 188 F.3d 250 (5th Cir.1999). Four of these courts have held a state's concession of exhaustion before the District Court to be an express waiver of the exhaustion requirement under Section 2254(b)(3). *Pike*, 492 F.3d at 71–73; *Kerns*, 408 F.3d at 449 n. 3; *Dorsey*, 262 F.3d at 1186–87; *Bledsue*, 188 F.3d at 254. The fifth court, the Sixth Circuit, has concluded that a state can expressly waive the exhaustion requirement by acting in a manner consistent with the District Court's stated understanding that the state had conceded exhaustion. *See D'Ambrosio*, 527 F.3d at 496 ("This is an extraordinary case in which the district court stated that it understood exhaustion to be a non-issue and that the [state] would not later assert it, the [state] failed to correct what the district court clearly viewed as the [state]'s position during the almost four years of litigation before that court, and the [state] went on to state to the district court that [the petitioner]'s claims would be untimely in the state courts (thereby confirming the district court's understanding).").

Here, the State would have us reach a decision contrary to those of our sister circuits. It points to *George v. Sively*, 254 F.3d 438 (3d Cir.2001), where we refused to deem exhaustion expressly waived even though "the United States Attorney has argued that we should hear [the petitioner's] appeal and should not require [the petitioner] to exhaust his territorial remedies." *Id.* at 441 n. 4. It argues that this language requires us to hold a concession in an answer insufficient to expressly waive the exhaustion requirement. We do not agree. *George* concerned whether a

---

not be allowed on final judgments of the Appellate Division except for special reasons.

4. In *Castille,* the Court recognized exceptions to this general rule "where the State has

actually passed upon the claim, ... and where the claim has been presented as of right but ignored (and therefore impliedly rejected). . . ." 489 U.S. at 351, 109 S.Ct. 1056. Neither of those exceptions apply here.

petitioner convicted of territorial offenses in the District Court of the Virgin Islands could collaterally attack his conviction and sentence under 28 U.S.C. § 2255. *Id.* at 440–41. There, the government asserted that the petitioner "was entitled to proceed under § 2255 and was not required instead to exhaust his territorial remedies." *Id.* at 441. This means that the government's position was that Section 2254 did not apply. Accordingly, when the government "argued that we should hear [the petitioner's] appeal and should not require [the petitioner] to exhaust his territorial remedies," it was not conceding that Section 2254's exhaustion requirement had been satisfied; instead, it was claiming that the requirement need not be met at all. Since there was no concession of exhaustion, *George* does not control the present case.

■■■ A "waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). To be express, a waiver of exhaustion must be clear, explicit, and unambiguous. *See D'Ambrosio*, 527 F.3d at 495 ("Courts also generally agree that 'express' is synonymous with 'clear' or 'unambiguous.'"); *Pike*, 492 F.3d at 72 ("It is hornbook law that waivers of exhaustion will not lightly be inferred but, rather, must be clear and explicit."); *Dorsey*, 262

F.3d at 1187 ("[T]he state's explicit waiver of [the nonexhaustion] defense before the district court forecloses it being asserted here."); *see also Webster's Third New Int'l Dictionary* 803 (1966) (defining "express" as "directly and distinctly stated or expressed . . . not dubious or ambiguous . . . definite, clear, explicit, unmistakable . . ."). Here, the State conceded exhaustion before the District Court by stating in its answer to Sharrieff's habeas petition that it "appears that [Sharrieff] has exhausted his state court remedy as to [the *Blakely]* issue, since he presented it to the state's highest court in his petition for certification." The fact that the State based its concession on a flawed legal conclusion is of no consequence; its concession clearly, explicitly, and unambiguously relinquished and abandoned its right to assert the nonexhaustion defense. That is enough to expressly waive the exhaustion requirement under Section 2254(b)(3). *See Kerns*, 408 F.3d at 449 n. 3 (holding that the state expressly waived the exhaustion requirement with a concession in its district court briefing, even though the concession was made in error); *Dorsey*, 262 F.3d at 1187 (concluding that the state expressly waived the nonexhaustion defense where the state, based on a mistaken belief, expressly declined to raise the defense in its answer to the federal habeas petition).[5] Therefore, we may reach the merits of Sharrieff's habeas petition,[6] and will grant him the uncontested relief that he seeks.

---

5. We acknowledge that our holding is contrary to *Dreher v. Pinchak*, 61 Fed.Appx. 800 (3d Cir.2003). *Dreher*, however, was an unpublished and not precedential opinion.

6. In *Pike*, the First Circuit held that "[a] federal court may choose, in its sound discretion, to reject a state's waiver of . . . nonexhaustion. . . ." *See Pike*, 492 F.3d at 74. Assuming that we had such discretionary power, we would not exercise it here. The State admits that a *Blakely* violation occurred and that Sharrieff is entitled to be resentenced on his

two robbery convictions. Under these circumstances, "it is evident that a miscarriage of justice has occurred," and it is appropriate to reach the merits of Sharrieff's petition "in order to avoid unnecessary delay in granting relief that is plainly warranted." *Granberry v. Greer*, 481 U.S. 129, 135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

Nonetheless, neither party has briefed whether we have the discretion to reject the State's express waiver of exhaustion. Since

## IV.

 Section 2254(b)(3) requires that a state's waiver of exhaustion be express, but it does not demand the invocation of any "magic words." Here, by conceding exhaustion in its answer to Sharrieff's habeas petition, the State clearly, explicitly, and unambiguously waived the exhaustion requirement. Both parties agree that, on the merits of his petition, Sharrieff is entitled to be resentenced on his two robbery convictions. Accordingly, we will reverse the District Court's decision in part, and remand with instructions to grant Sharrieff's habeas petition so that he may be resentenced on those two convictions.

resolution of this issue would not affect our decision here, we leave it for another day.