**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT CLAUDE McCORMICK,

Petitioner-Appellant,

v.

DAVID PARKER, Warden,

Respondent-Appellee.

No. No. 13-7016
(D.C. No. 6:10-CV-00117-JHP-KEW)
(E.D. Okla.)

---

## ORDER AND JUDGMENT*

---

Before **GORSUCH**, **SEYMOUR**, and **PHILLIPS,** Circuit Judges.

Robert Claude McCormick was convicted of child sexual abuse (Count I)
and child abuse (Count II) in Oklahoma state court and ordered to serve two life
sentences, to run consecutively.  *See* Okla. Stat. tit. 10, § 7115(A), (E) (current
version at Okla. Stat. tit. 21, § 843.5(A), (E)).  The district court conditionally
granted habeas relief on his claim of double jeopardy by vacating his Count II
conviction for child abuse, but the court dismissed as moot his remaining claims.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel.  Although the
court generally disfavors the citation of an order and judgment, it may be cited for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

He appeals, and we reverse.

## I

Mr. McCormick's conviction was based on his abuse of M.K. over a period of several years. The state's key witness at trial, Carolyn Ridling, testified she was a registered nurse ("RN") and certified sexual assault nurse examiner ("SANE"),[1] and that her examination of M.K. showed tearing and scarring of her hymen and anus which indicated penetration. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") denied Mr. McCormick's double jeopardy claim but modified his sentences to run concurrently. Mr. McCormick filed a pro se application for post-conviction relief in state court, which was denied by the trial court and by the OCCA on appeal. Mr. McCormick then filed this application for federal habeas relief, asserting double jeopardy, a *Brady*[2] violation, ineffectiveness of trial and appellate counsel, and insufficiency of the evidence, among other claims. His *Brady* and ineffective assistance of counsel claims are based primarily on undisputed evidence that Ms. Ridling lost her RN and SANE certifications almost three years before trial.

---

[1] A SANE nurse is a registered nurse that has special training to conduct sexual assault examinations on children and adults.

[2] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material . . . .").

Mr. McCormick appeals the district court's dismissal of all his remaining claims after it granted a conditional writ vacating Count II based on his claim of double jeopardy. He filed for a Certificate of Appealability in this court, which we granted as to his *Brady* and ineffective assistance of trial and appellate counsel claims but denied as to his insufficiency of the evidence claim.

## II

### A. Mootness

"We review questions of mootness de novo." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). Thus, to invoke federal court jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted). A suit becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-27 (2013) (internal quotation marks and citation omitted), or "when it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Knox v. Serv. Emps. Int'l Union*, *Local 1000*, 132 S. Ct. 2277, 2287 (2012) (internal

quotation marks and citation omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (internal quotation marks, alteration, and citation omitted).

Both parties agree the district court erred in holding that the conditional grant of habeas relief as to Count II mooted Mr. McCormick's remaining claims. In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Court recognized that "[a]n incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Id.* at 7. Although Mr. McCormick's conviction for child abuse was set aside, he is still currently incarcerated on his Count I conviction for child sexual abuse. And if Mr. McCormick were to succeed on his *Brady* or ineffective assistance of counsel claim as to Count I, he could be granted a new trial or other relief. *See, e.g.*, *Monroe v. Angelone*, 323 F.3d 286, 293 n.5 (4th Cir. 2003) ("The remedy for a *Brady* violation . . . usually entitles a defendant to a new trial."); *Ramchair v. Conway*, 601 F.3d 66, 69 (2d Cir. 2010) (affirming grant of new trial as remedy for ineffective assistance of counsel); *see also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("Federal habeas corpus practice . . . indicates that a court has broad discretion in conditioning a judgment granting habeas relief."). Because it is possible a court could grant Mr. McCormick "relief," his claims are not moot. *Knox*, 132 S. Ct. at 2287.

-4-

**B. Exhaustion**

The state maintains, however, that Mr. McCormick failed to exhaust his

*Brady* or counsel ineffectiveness claims in state court. But in its response in the

district court to Mr. McCormick's habeas petition, the state declared: "Petitioner

has exhausted his state court remedies to the grounds raised." Aplt. App., vol. I

at 387. It went on to address the merits of Mr. McCormick's *Brady* and

ineffective assistance of trial and appellate counsel claims at length.

Accordingly, Mr. McCormick contends the state expressly waived exhaustion, an

issue we review de novo. *See Carty v. Thaler*, 583 F.3d 244, 252 (5th Cir. 2009).

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Court held that "a state

prisoner's federal habeas petition should be dismissed if the prisoner has not

exhausted available state remedies as to any of his federal claims." *Id.* at 731.

The exhaustion requirement is based on the principle that "the States should have

the first opportunity to address and correct alleged violations of state prisoner's

federal rights." *Id.*; *see Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir.

2012). But the state can waive the exhaustion requirement through an express

statement by counsel. 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to

have waived the exhaustion requirement or be estopped from reliance upon the

requirement unless the State, through counsel, expressly waives the

requirement."); *see also Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir.

2002) (en banc) (applying § 2254(b)(3) and holding state expressly waived certain

issues).

Relying on *Day v. McDonough*, 547 U.S. 198 (2006), the state claims its statement to the district court regarding exhaustion was actually an "inadvertent mistake of fact" and it therefore should be able to raise the exhaustion defense on appeal. Aple. Br. at 19. We disagree. In *Day*, the Court was confronted with a mathematical miscalculation where the state said in its answer that the habeas petition was timely when it was actually untimely by three weeks. 547 U.S. at 201-02. The district court *sua sponte* dismissed the petition as untimely and the Eleventh Circuit affirmed. *Id.* at 202. The Supreme Court stated that although it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense," there was not an "intelligent waiver on the State's part, only an evident miscalculation of the elapsed time under a statute designed to impose a tight time constraint on federal habeas petitioners." *Id.*

"To be express, a waiver of exhaustion must be clear, explicit, and unambiguous." *Sharrieff v. Cathel*, 574 F.3d 225, 229 (3rd Cir. 2009). Section 2254(b)(3) "does not require 'magic words' in order for a state to expressly waive exhaustion." *D'Ambrosio v. Bagley*, 527 F.3d 489, 497 (6th Cir. 2008). Rather, the "touchstone for determining whether a waiver is express is the clarity of the intent to waive." *Id.* In *Sharrieff*, the Third Circuit held the state's assertion to the district court that the petitioner "'appear[ed]'" to have exhausted his *Blakely* claim was an express waiver because the state's concession "clearly, explicitly,

-6-

and unambiguously relinquished and abandoned its right to assert the nonexhaustion defense." 574 F.3d at 229. Likewise, in *Carty*, the Fifth Circuit held the state's declaration that "'[a]ll but one of Carty's claims appear to be exhausted,'" also constituted an express waiver of the exhaustion defense to all but one claim because the "state clearly considered exhaustion as a defense and chose not to exercise that defense." 583 F.3d at 257.

Here, the state not only expressly stated in its response to the petition that Mr. McCormick "has exhausted his state court remedies to the grounds raised," it also argued specifically against the merits of his *Brady* and ineffective assistance of trial and appellate counsel claims relating to Ms. Ridling. A procedural challenge is waived where "the State, after expressing its clear and accurate understanding of the . . . issue . . . , deliberately steer[s] the District Court away from the question and towards the merits of [the] petition." *Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012) (internal citation omitted). In *Wood*, the state had assured the district court that it was "not challenging, but d[id] not concede, the timeliness of the petition." *Id.* at 1830. As in *Wood*, the state's words and conduct cannot be described as an inadvertent mistake or forfeiture of the exhaustion defense, as was the case in *Day*, but instead they clearly evidence an express intention to waive the exhaustion requirement. As the First Circuit said, "[t]hat was game, set, and match." *Pike v. Guarino*, 492 F.3d 61, 71-72 (1st Cir. 2007) (holding statement that "'petitioner is correct in her assertion that [the]

-7-

claims presented . . . have been exhausted'" was "unmistakably clear" and could not be resurrected on appeal (alteration in original)).

Other circuits have also held this type of conduct constitutes an express waiver of the exhaustion requirement.[3]  The fact that the state now regrets its waiver "is not a sufficient reason to allow recision" of it.  *Id.* at 72.  We conclude the state has expressly waived the exhaustion defense.

## C.  Procedural Bar

The state raises two procedural bar issues, one that it raised in district court and one that it did not.  The state first contends that even if we hold it waived the exhaustion requirement with respect to Mr. McCormick's *Brady* and ineffective assistance of counsel claims based on Ms. Ridling's certification perjury, we should still hold the claims procedurally barred because Mr. McCormick's claims in state court were "so different" from the claims it now articulates that they were not fairly presented to the state.  Accordingly, says the state, Mr. McCormick should have to present the claims anew to the state, which would now find them

_____

[3] *See, e.g.*, *Eichwedel v. Chandler*, 696 F.3d 660, 671 (7th Cir. 2012) ("[A] State expressly waives exhaustion for purposes of § 2254(b)(3) where, as here, it concedes clearly and expressly that the claim has been exhausted, regardless of whether that concession is correct."); *D'Ambrosio,* 527 F.3d at 495-96 (holding that the "warden expressly waived the exhaustion requirement because her counsel's conduct during the district court proceedings manifested a clear and unambiguous intent to waive the requirement"); *Purnell v. Mo. Dep't of Corr.*, 753 F.2d 703, 708 (8th Cir. 1985) ("We believe, however, that when, as in the instant case, the state unequivocally concedes in pleadings that a petitioner's claims in the appropriate state courts have been exhausted, that concession constitutes an express waiver.").

procedurally barred because they should have been previously raised. As the Court stated in *Coleman*: "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas . . . ." 501 U.S. at 735 n.1.

The state concedes that "this is a different procedural bar than the one [it] argued in the District Court." Aple. Br. at 21. We assume the reason the state failed to make this argument in the district court is because it is the flip side of the exhaustion defense, which the state waived. Having expressly waived exhaustion of these claims, the state has also waived this procedural default argument. *See Pike*, 492 F.3d at 73 ("[I]n expressly waiving the nonexhaustion defense, the [state] lost the concomitant right, in the procedural default context, to assert that the claim was not presented to the state courts.").

This first type of procedural bar, resulting from a failure to exhaust, is distinguishable from one that arises because the state court refused to hear a claim due to an independent and adequate state procedural bar. This doctrine of state procedural default bars a federal court from reviewing "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012); *see Coleman*, 501 U.S. at 747-48. It "precludes federal

-9-

review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez*, 132 S. Ct. at 1316.

This distinction is important here because the state did raise in district court a procedural default defense based on a state procedural bar arising from the OCCA's determination on Mr. McCormick's post-conviction application that "[a]ll issues which could have been previously raised but were not are waived." Aplt. App., vol. I at 601. Accordingly, on remand the state may reassert this procedural default defense, subject to Mr. McCormick's assertions of cause to overcome the defaults.

## D. Merits

Mr. McCormick contends we should resolve his ineffective assistance of trial and appellate counsel and *Brady* claims on appeal, arguing that the record is adequate for us to make such a determination. The state, on the other hand, contends we should remand to the district court to rule on Mr. McCormick's claims in the first instance. Although we have discretion in certain circumstances to rule on an issue not decided by the district court, including "where the proper resolution is beyond any doubt" or where an injustice might result, usually "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976). Here, the proper resolution of Mr. McCormick's *Brady* and ineffective assistance claims are not beyond any

doubt, and we see no injustice that might result by remanding these claims to the district court to address them expeditiously in the first instance. *See Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially.").

## III

In sum, we **REVERSE** the district court's determination that Mr. McCormick's *Brady* and ineffective assistance of trial and appellate counsel claims are moot and **REMAND** for further consideration in light of this opinion. Because this case was docketed in the district court on March 11, 2010, we direct the district court to expedite its decision and rule within ninety days from the date of this opinion. *See Johnson v. Rogers*, 917 F.2d 1283, 1284-85 (10th Cir. 1990) (underscoring the importance of expedient rulings on writs of habeas corpus).

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge