**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0264-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JIHAD SHARRIEFF, a/k/a
ABDULLAH SHARIFF,[1]

     Defendant-Appellant.

_____

Submitted March 24, 2021 – Decided May 5, 2021

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 00-06-1713 and 00-04-1146.

Ferro and Ferro, attorneys for appellant (Nancy C. Ferro, of counsel and on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah F. Kurt,

---

[1] The record reflects defendant is known by several aliases, many of which involve different spellings of his surname.

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an August 13, 2019 order denying his third post-conviction relief (PCR) petition. We affirm.

We assume the reader's familiarity with the facts and procedural history extensively set forth in our unpublished decision affirming defendant's convictions and sentence on direct appeal, State v. Sharrif, No. A-2956-01 (App. Div. Apr. 8, 2004) (slip op. at 31-32), certif. denied, 182 N.J. 629 (2005), and our unpublished opinion affirming the denial of defendant's first PCR petition, State v. Sharrieff, No. A-0728-11 (App. Div. May 21, 2013) (slip op. at 13). We briefly summarize those facts to lend context to the present appeal.

Following a jury trial on consolidated indictments in 2001, defendant was convicted of two counts of first-degree armed robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). The jury deadlocked on the remaining charges, and upon retrial, defendant was found guilty of purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) or N.J.S.A. 2C:11-3(a)(2); third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose,

N.J.S.A. 2C:39-4(a). The State dismissed or defendant was acquitted of all remaining charges.

On October 12, 2001, the trial court imposed an aggregate sentence of life plus forty years, with sixty-four years of parole ineligibility. We affirmed defendant's convictions and the terms of his sentence, but remanded to correct merger errors and to amend the judgment of conviction.

Defendant pursued federal appeals, and resentencing was ordered for the armed robbery convictions. Sharrieff v. Cathel, 574 F.3d 225, 230 (3d Cir. 2009), cert. denied, Sharrieff v. Ricci, 558 U.S. 1120 (2010). On resentencing, the judge imposed two concurrent fifteen-year terms subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Thus, defendant's aggregate sentence was life plus fifteen years, with forty-two years and nine months of parole ineligibility.

Defendant's first PCR petition was filed on March 18, 2010. It was denied as procedurally barred. We affirmed this denial in May 2013, concluding defendant's PCR petition was "well out of time," as it was filed almost nine years after the judgment of conviction was entered. Defendant filed a second PCR on January 19, 2012, alleging PCR counsel was ineffective. On June 11, 2013, the PCR judge denied this second petition as "untimely," "insufficient on its face

A-0264-19

and . . . both procedurally and substantively flawed."  It is unclear whether defendant appealed from this denial.

Defendant filed his third PCR on April 8, 2019, contending his trial attorney was ineffective for failing to advise him of the maximum sentence defendant could serve for his charged offenses.  Defendant also argued the trial judge failed to inform him of his exposure to lengthy custodial terms.  The PCR judge denied this application on August 8, 2019, finding

> the issue of any failure to inform [defendant] of sentence exposure was raised by [defendant] in his first Motion for [PCR] and was denied, as [he] conceded that there was never a plea offer extended to him by the State;
>
> . . . .
>
> [Defendant's] current motion does not meet any criteria under R. 3:22-4(b) for a subsequent post-conviction relief motion to proceed, and this court does not find good cause for the assignment of counsel.

On appeal, defendant raises the following argument:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S [PCR] APPLICATION BECAUSE PETITIONER MET THE PROCEDURAL AND SUBSTANTIVE REQUIREMENTS FOR [PCR].

We find this argument unpersuasive.

4

"Procedural bars exist in order to promote finality in judicial proceedings." State v. McQuaid, 147 N.J. 464, 483 (1997). To that end, pursuant to Rule 3:22-4(b), "[a] second or subsequent petition for post-conviction relief shall be dismissed unless:"

> (1) it is timely under [Rule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].
>
> [R. 3:22-4(b).]

Additionally, Rule 3:22-12(a)(2) delineates the requirements for filing a timely second or subsequent petition for PCR as follows:

5

A-0264-19

Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Here, defendant contends Rule 3:9-1 was amended, in part, in 2016 and the "new rule [is] entitled to retroactivity under the 'Teague Doctrine,'" citing to Teague v. Lane, 489 U.S. 288, 301, 310 (1989). Defendant argues the "Teague Doctrine" does not bar him from raising the amended Rule on his PCR application. This argument lacks merit.

Defendant's third PCR petition is untimely under Rule 3:22-12(a)(2) because he failed to file his third petition within one year of the rule change on which he relies. His petition also is untimely because he does not assert he

recently discovered a previously unknown factual predicate for the relief sought. Additionally, his third PCR petition is well out of time because it was filed on April 8, 2019, more than seven years after his second PCR petition alleged ineffective assistance of PCR counsel. In short, defendant's latest PCR does not fall within any of the exceptions outlined under Rule 3:22-12(a)(2).

Because "enlargement of Rule 3:22-12's time limits 'is absolutely prohibited[,]'" defendant's third PCR petition was properly dismissed as mandated by Rule 3:22-4(b)(1). See also Rule 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12"). Accordingly, contrary to defendant's argument, the PCR court properly determined no evidentiary hearing was warranted with respect to defendant's petition. Likewise, the PCR judge properly found good cause was lacking for the assignment of PCR counsel. R. 3:22-6(b).

To the extent we have not addressed defendant's remaining arguments, we find they lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7