**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2699-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JIHAD SHARRIEFF a/k/a
ABDULLAH SHARRIF,[1]

     Defendant-Appellant.

_____

Submitted May 29, 2025 — Decided June 10, 2025

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 00-04-1149 and 00-06-1713.

Jihad Sharrieff, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Shep A. Gerszberg, Assistant Prosecutor, of counsel and on the brief).

---

[1] The record reflects defendant is known by several aliases, many of which involve different spellings of his surname.

PER CURIAM

Defendant Abdullah Sharrif appeals from an April 2, 2024 order which denied his motion to correct an illegal sentence. He argues our Supreme Court's decision in State v. Torres, 246 N.J. 246 (2021) applies retroactively and the sentencing court failed to make an explicit statement considering the overall fairness of the consecutive sentence imposed under State v. Yarbrough, 100 N.J. 627 (1985). Because we have previously held defendant's sentence is valid, and the absence of a Torres statement does not render his sentence illegal, we affirm.

We incorporate the facts and procedural history set forth in our prior unpublished opinion affirming defendant's convictions and sentence, State v. Sharrif (Sharrif I), No. A-2956-01 (App. Div. Apr. 8, 2004) (slip op. at 31-32), certif. denied, 182 N.J. 629 (2005), and our decisions affirming the denial of defendant's petitions for post-conviction relief (PCR), State v. Sharieff (Sharieff II), No. A-0728-11 (App. Div. May 21, 2013), certif. denied, 217 N.J. 285 (2014); State v. Sharrieff (Sharrieff III), No. A-0264-19 (App. Div. May 5, 2021), certif. denied, 250 N.J. 488 (2022). We nevertheless briefly summarize the facts to lend context to the present appeal.

In September 1999, defendant and two others engaged in a crime spree that resulted in several robberies at gunpoint and the murder of Anthony Ralph.

2

Following a 2001 jury trial on consolidated indictments, defendant was convicted of two counts of first-degree armed robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). The jury deadlocked on the remaining charges and, upon retrial, defendant was found guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a).

Defendant moved for new trials, which the court heard and denied on October 12, 2001. The court imposed an aggregate life sentence plus forty years with sixty-four years of parole ineligibility.

Defendant filed a direct appeal on February 24, 2004. Sharrif I, slip op. at 31-32. On September 16, 2005, defendant filed a petition for a writ of habeas corpus, which was denied on December 4, 2006. Sharrieff v. Cathel, Civil No. 05-4525, 2006 U.S. Dist. LEXIS 87818 (D.N.J. Dec. 4, 2006). The District Court denied defendant's petition and found he had "not made a substantial showing of the denial of a constitutional right." Id. at *44.

Defendant appealed to the Third Circuit, which reversed in part and remanded with instructions to grant the petition for habeas relief and for

resentencing in state court.  <u>Sharrieff v. Cathel</u>, 574 F.3d 225, 226 (3d Cir. 2009), <u>cert. denied</u>, <u>Sharrieff v. Ricci</u>, 558 U.S. 1120 (2010).

Defendant was resentenced in 2009 to a life term plus fifteen years with forty-two years of parole ineligibility.  Defendant appealed his new sentence as excessive.  That appeal was denied on the merits.  In denying defendant's claim, we specifically held "the guidelines for imposing consecutive sentences were correctly applied." <u>State v. Sharrieff</u>, No. A-2271-10 (App. Div. Aug. 31, 2011)

Defendant filed his first PCR petition on March 18, 2010.  The PCR court denied the petition as procedurally barred, and we affirmed the denial in May 2013.  <u>Sharieff II</u>, slip op. at 5.  Defendant filed a second PCR on January 19, 2012, alleging PCR counsel was ineffective.  On June 11, 2013, the PCR was denied.  Defendant filed his third PCR on April 8, 2019.  The PCR court denied the petition and we affirmed the denial on May 5, 2021.  <u>Sharrieff III</u>, slip op. at 2.

In July 2023, defendant filed a pro se motion to correct an illegal sentence based on <u>Yarbough</u> and <u>Torres</u>.  In denying defendant's motion on April 2, 2024, the court stated:

> the sentencing court conducted a comprehensive hearing that included arguments of counsel, a statement of support from [defendant]'s brother and a statement from the victim's family[,] . . . addressed all important

4

sentencing issues including the nature of the offense, aggravating and mitigating factors, rules and laws governing consecutive and concurrent terms, and . . . further discussed its opinion on the fairness of the sentences.

The court concluded the final sentence imposed was lawful and defendant has not raised any issues that would justify resentencing. Defendant raises the same issue before us in this appeal.

Our review of the legality of a sentence is de novo. State v. Jones, 478 N.J. Super. 532, 541 (App. Div. 2024). "There is no temporal limit on a court's ability to review an illegal sentence; 'it may be corrected at any time before it is completed.'" Id. at 540 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). If we determine a sentence is illegal, we are constrained to remand to the trial court for resentencing. Jones, 478 N.J. Super. at 541.

Defendant maintains the court "never considered the overall fairness of the sentence as required by Torres. Torres requires [s]entencing [c]ourts to consider the 'overall fairness' when sentencing defendants to lengthy consecutive sentences and part of that consideration relies on the Yarbough factors."

In Torres, our Supreme Court explained:

> Through the years, our Court has sought again and again to underscore that concepts of uniformity,

predictability, and proportionality in sentencing birthed the Yarbough factors. See, e.g., State v. Liepe, 239 N.J. 359, 371-72 (2019); State v. Carey, 168 N.J. 413, 427-28 (2001). In this matter, we again take steps to promote those goals, . . . .

[Torres, 246 N.J. at 252-53 (emphasis added).]

The Court further stated,

sentencing is a holistic endeavor. A court performing the Yarbough fairness assessment must be mindful that aggravating and mitigating factors and Yarbough factors, as well as the stated purposes of sentencing in N.J.S.A. 2C:1-2(b), in their totality, inform the sentence's fairness. All are relevant to the overall fairness of the aggregate sentence imposed on the sole defendant before the court.

[Id. at 272.]

Having reviewed the extensive record and applicable case law, we reject defendant's contention that Torres applies retroactively, and he is entitled to "resentencing anew" due to "the trial court's failure to properly rely on the Yarbough factors." Defendant was resentenced in 2009, over ten years before Torres. On September 2, 2011, we addressed the matter on a sentencing calendar pursuant to Rule 2:9-11, wherein we affirmed his sentence and specifically expressed our satisfaction that the guidelines for imposing consecutive sentences under Yarbough were correctly applied.

A-2699-23

Having reached that determination, defendant is barred from any further appeal of his sentence under Rule 3:22-5, which provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

Additionally, the Court in Torres did not create a new rule of law, and therefore retroactivity is not applicable. State v. Feal, 194 N.J. 293, 307 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) (stating "retroactivity can arise only where there has been a departure from existing law"). Instead, our Court in Torres reviewed fundamental sentencing principles and "reiterate[d] the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on 'the fairness of the overall sentence.'" Torres, 246 N.J. at 270 (quoting State v. Miller, 108 N.J. 112, 122 (1987)); see also State v. Acevedo, 205 N.J. 40, 42 (2011) (holding the mere excessiveness of a sentence otherwise within authorized limits, as distinct from illegality, could only be raised on direct appeal from the conviction). Stated differently, Torres does not provide an independent ground for resentencing, and

we are satisfied the sentencing court painstakingly fashioned defendant's sentence guided by the very sentencing principles amplified by the <u>Torres</u> Court.

Because we have previously determined defendant's sentence is valid, defendant is barred from any further challenge to his sentence and no further review is warranted.  <u>R.</u> 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2699-23